MICHAEL J. SULLIVAN (SBN 264695)
LAW OFFICE OF MICHAEL J. SULLIVAN
111 N. Market St., Suite 300
San Jose, CA 95113
Telephone: (408) 628-8882
Facsimile: (408) 625-1148
E-mail: msullivan@mikesullivanlaw.com

Attorney for Plaintiff
FOUNTAIN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNTAIN, INC., a California corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>EBAY INC., a California corporation; 11KUANGYAN; 2012DIGITAL2012; 365DAYGO; 7CN7331; 958ESHOP; AA370HK; ACTIONCAMSTORE; ALLWINSHOP; BA.TH89; BABASTOREONG; BAOBAGTH; BEIYIHOME; BESSKY; BESTFASTDEALS; BETHETOP188; BLUE_COFFEE2088; BOBOWAYTOWAY; BOMACRO; BOOMDEALER99; BRAINYTRADE; CARDINALSDEALS; CASTLEINTHEBOX; CHIC_PICK; CLICKFUNNY; COCO-MALL; CP_ONLINE; DADAHKSTORE; DARMING; DEAINTHEBOX; DELIGHT-DIGI; DEWORUI; DRAGONWARRIERUK; EAWAKENING; ECHOII_MALL; EC-SELL1; EFORFUTURE; EKOENIG21; FASHIONWOMENSALE; FOREVER_TOYOU; FREEDIVESTORE; FULLLOVE365; GALA_TOME; GAME-PLUS; GETYOURSAVE; GIFTPORT; GLOBEDEALFIELD; GOHANKUU; GOODDAYYY; GOOGOLBEAUTY; | CASE NO.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 9,077,877**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT                               1

| | |
|---|---|
| 1 | GOOGOL-SUPPLY; GRABSTOCKS; GUOQUK2015; HANDELABABY2012; ) |
| 2 | HELISHOP2015; HERCULES-ANT; ) |
| 3 | HEY_ANGEL; HNG-US; HONGHONG020; HOT_MALL; ) |
| 4 | IAMFOTO; IBROOKAUCTION; IPOPSTORE; JDLEVESQUE2011; ) |
| 5 | JOYMYZONE; KACHA240; KAMURAL2011; KINGKEYMALL; K- ) |
| 6 | TEAM2015; LEA111P; LEESTORE-1995; ) |
| 7 | LICHUANGDZ; LINK-DELIGHT-EU; LOUS814; LOVECC1020; LUCKAPEN; ) |
| 8 | LUCKYDEERSTORE; MAGIC_CITY288; MAMBATE; MAOSHAN108_369; ) |
| 9 | MEGA_E_HOME; MEGOSHOP2012; MHESTORE2009; MOBILE_SPIRIT; ) |
| 10 | MOON_CITY2000; ) |
| 11 | NEWELLDEVELOPMENT; NOVAPCS; NSIOUTLET; OCTODER; ) |
| 12 | OKSMARTLIFE; ONBOARDTV; ORIGHTHERE; PANGSHI-DIGITAL; ) |
| 13 | PARTSDOUMACTION; PETER-PAPAD; ) |
| 14 | PHOTO_CLUB; PLAYTLE; POWERUP2009; REDBASE-0079; ) |
| 15 | REDTAGTOWN; ROROSHOPS; ROUTESHOP; RSEGEV2012; ) |
| 16 | RUNBER2012; SALE4WOMEN; SAVADI138; SAYHELLO2015; ) |
| 17 | SCUBABITSAUSTRALIA; SCUBAMONKEYDIVECENTER; ) |
| 18 | SECURITYINGSTORE; SELL2GLOBE; ) |
| 19 | SERVICE2WORLDWIDE; SIECZUNIA9; SPEEDY-CHINA; STUDY-JMT; ) |
| 20 | SUNSHINE2014B2C; SUNSMILE*2013; ) |
| 21 | SYNERGYCO; SZMC2013; TOBYJOYA; TOTODEALHK; TRUST_DIGITAL2009; ) |
| 22 | TYRANT1211.2014; TYRANT2537.2014; UFOREVERK; VETERANS_SCUBA; ) |
| 23 | WANGYE_SH; WAYEE2010; WENJIDI; WENLOCK2012; WETSUITOUTLET; ) |
| 24 | WFYB; WILCOMP_AU; WODE_AU; WODE-SHOP; ) |
| 25 | WOMENFASHION4EVERNEW; ) |
| 26 | WOWPARTSPRO; XUESTH2014; ZCC05792014; ) |
| 27 | ZENIKO_ONLINE_STORE, ) |
| 28 | Defendants. ) |

COMPLAINT FOR PATENT INFRINGEMENT          2

1   Plaintiff Fountain, Inc., by its attorney, for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

3.   1.   This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

2.   Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

3.   Personal jurisdiction over the Defendants is proper in this judicial district because, on information and belief, each of the Defendants has committed numerous acts of infringement in this judicial district.

## PARTIES

4.   Plaintiff Fountain, Inc. is a California corporation with its principal place of business at 6145 Shoup Avenue, #58, Woodland Hills, California 91367.

5.   On information and belief, Defendant eBay Inc. ("eBay") is a California corporation with its principal place of business at 2065 Hamilton Ave., San Jose, CA 95125. eBay operates a website at www.ebay.com (the "Website").

6.   On information and belief, each of the other Defendants is a seller on eBay's Website. These other Defendants are 11kuangyan, 2012digital2012, 365daygo, 7cn7331, 958eshop, aa370hk, actioncamstore, allwinshop, ba.th89, babastoreong, baobagth, beiyihome, bessky, bestfastdeals, bethetop188, blue_coffee2088, bobowaytoway, bomacro, boomdealer99, brainytrade, cardinalsdeals, castleinthebox, chic_pick, clickfunny, coco-mall, cp_online, dadahkstore, darming, deainthebox, delight-digi, deworui, dragonwarrieruk, eawakening, echoii_mall, ec-sell1, eforfuture, ekoenig21, fashionwomensale, forever_toyou, freedivestore, fulllove365, gala_tome, game-plus, getyoursave, giftport, globedealfield, gohankuu, gooddayyy, googolbeauty, googol-supply, grabstocks, guoquk2015, handelababy2012, helishop2015, hercules-ant, hey_angel, hng-us, honghong020, hot_mall, iamfoto, ibrookauction, ipopstore, jdlevesque2011, joymyzone, kacha240, kamural2011, kingkeymall,

COMPLAINT FOR PATENT INFRINGEMENT                3

| | |
|---|---|
| 1 | k-team2015, lea111p, leestore-1995, lichuangdz, link-delight-eu, lous814, lovecc1020, |
| 2 | luckapen, luckydeerstore, magic_city288, mambate, maoshan108_369, mega_e_home, |
| 3 | megoshop2012, mhestore2009, mobile_spirit, moon_city2000, newelldevelopment, novapcs, |
| 4 | nsioutlet, octoder, oksmartlife, onboardtv, orighthere, pangshi-digital, partsdoumaction, peter- |
| 5 | papad, photo_club, playtle, powerup2009, redbase-0079, redtagtown, roroshops, routeshop, |
| 6 | rsegev2012, runber2012, sale4women, savadi138, sayhello2015, scubabitsaustralia, |
| 7 | scubamonkeydivecenter, securityingstore, sell2globe, service2worldwide, sieczunia9, speedy- |
| 8 | china, study-jmt, sunshine2014b2c, sunsmile*2013, synergyco, szmc2013, tobyjoya, |
| 9 | totodealhk, trust_digital2009, tyrant1211.2014, tyrant2537.2014, uforeverk, veterans_scuba, |
| 10 | wangye_sh, wayee2010, wenjidi, wenlock2012, wetsuitoutlet, wfyb, wilcomp_au, wode_au, |
| 11 | wode-shop, womenfashion4evernew, wowpartspro, xuesth2014, zcc05792014, and |
| 12 | zeniko_online_store (each of these Defendants, an "eBay Seller Defendant," and collectively, |
| 13 | the "eBay Seller Defendants"). The name given for each of the eBay Seller Defendants is the |
| 14 | username by which such Defendant is known on eBay's Website. eBay does not provide any |
| 15 | information on the actual identity of sellers on its Website which might allow the real persons |
| 16 | or companies behind such sellers' usernames to be identified and contacted. As further |
| 17 | described below, eBay has not responded to Plaintiff's request for such sellers' contact |
| 18 | information. Therefore, Plaintiff sues the eBay Seller Defendants according to their usernames |
| 19 | listed on eBay's Website. Upon learning the proper names of the eBay Seller Defendants, |
| 20 | Plaintiff will amend the Complaint. |

## BACKGROUND

7. On July 7, 2015, U.S. Patent No. 9,077,877 ("the '877 patent") entitled "Active Headwear for Detachably Mounting an Imaging Device" was duly and legally issued to named inventor Thomas Lee Fountain, with an assignment recorded to Fountain, Inc., which still owns the rights, title, and interest to the '877 patent. A copy of the '877 patent is attached as Plaintiff's Exhibit 1.

8. Fountain, Inc. has manufactured and sold, and continues to manufacture and sell, the Octomask, a product line of diving masks designed to be attached to a camera, such as a GoPro, using the technology claimed in the '877 patent.

9. On December 7, 2015, Plaintiff contacted eBay through submitting a Notice of Claimed Infringement to vero@ebay.com that identified listings for products sold on eBay's Website that Plaintiff alleged infringed the '877 patent. eBay responded on December 9, 2015 by requesting Plaintiff provide it with "[a] copy of the injunction or other order enjoining the sale and/or offer for sale of the accused product(s) in the United States on the basis that they infringe upon a valid and enforceable U.S. patent that you own[.]" The clear implication of this communication was that eBay would not remove any infringing items without a court order. A copy of Plaintiff's communication to eBay and eBay's response is attached as Plaintiff's Exhibit 2.

10. On December 12, 2015, Plaintiff's counsel mailed a letter to eBay. This letter pointed out that eBay requiring an injunction to remove infringing items would require Plaintiff to file suit to obtain one and that Plaintiff hoped to address the infringement claims without having to file suit. This letter additionally requested the contact information for sellers identified by Plaintiff as selling infringing products. A copy of this letter, excluding the letter's original attachments, is attached as Plaintiff's Exhibit 3.

11. On December 18, 2015, eBay emailed Plaintiff's counsel a reply letter. This letter is attached as Plaintiff's Exhibit 4.

12. Using eBay's Website, each of the eBay Seller Defendants has offered for sale or sold one or more diving masks designed to be attached to a camera (such products known hereafter as the "Accused Devices"). Many of the eBay Seller Defendants continue to offer for sale and sell the Accused Devices.

13. On information and belief, most of the Accused Devices are imported into the United States instead of being manufactured in the United States.

14. Each Accused Device is described by one or more claims of the '877 patent. Therefore, the unauthorized making, use, offering to sell, and selling within the United States, and the importation into the United States, of each Accused Device is an infringement of the '877 patent.

15. On information and belief, eBay manages and controls the products that can be offered for sale and sold through its Website. On information and belief, eBay has the ability to swiftly remove any product listing from its Website, including listings for products that cannot lawfully be sold in the United States, and has previously promptly removed many product listings from its Website for the reason that such products cannot lawfully be sold in the United States.

16. On information and belief, eBay manages and controls which parties can offer to sell and sell products through its Website. On information and belief, eBay has the ability to swiftly prevent any party from selling products through its Website, including for the reason that a seller is violating United States law, and has previously promptly prevented many parties from making continued illegal sales through its Website.

17. On information and belief, eBay uses a variety of incentives and methods to encourage third parties to sell products on its Website. On information and belief, eBay has encouraged the eBay Seller Defendants to offer for sale and sell the Accused Devices using its Website.

18. On information and belief, eBay has profited and continues to profit from sales of the Accused Devices using its Website, as each seller on eBay's Website must pay eBay a fee for each sale the seller makes through the Website.

19. On information and belief, despite actual receipt of Plaintiff's December 7, 2015 and December 12, 2015 communications and knowledge of those communications' contents, eBay has continued to allow and profit from sales of the Accused Devices by the eBay Seller Defendants. On information and belief, eBay chose to ignore Plaintiff's contentions that

infringing products are being sold on its Website because it receives profits from the sales of those infringing products, including the Accused Devices.

20. Joinder of Defendants in this action is proper pursuant to Fed. R. Civ. P. 20 because, on information and belief, one or more products infringing the '877 patent has been offered for sale and/or sold by each of the eBay Seller Defendants through eBay's Website in cooperation with eBay, which cooperation includes (i) eBay's advertising the Accused Devices as available for sale and providing a mechanism for consumers to purchase the Accused Devices from the eBay Seller Defendants, (ii) eBay's shielding of the true identities of the eBay Seller Defendants from public inspection despite complaint that such eBay Seller Defendants are violating United States law, and (iii) eBay's allowance of continued sales of the Accused Devices by the eBay Seller Defendants despite being repeatedly informed of the '877 patent. Therefore, the right to relief asserted in this action against eBay and the eBay Seller Defendants arises out of a common series of transactions, with each transaction requiring the services of at least eBay in advertising an Accused Device and an eBay Seller Defendant in selling the Accused Device, and therefore questions of law and fact common to all Defendants will arise in this action.

## CLAIM FOR RELIEF AGAINST EBAY SELLER DEFENDANTS

21. Fountain, Inc. incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

22. The eBay Seller Defendants have each infringed upon the rights of Fountain, Inc.'s '877 patent by making, offering to sell, selling, and/or importing into the United States one or more Accused Devices that fall within the scope of one or more claims of the '877 patent. On information and belief, the Accused Devices have been and are offered for sale and sold to customers who resell and/or use the Accused Devices throughout the United States, including in the State of California, including in this judicial district.

23. The eBay Seller Defendants' acts in making, offering to sell, selling, and/or importing into the United States the Accused Devices infringe, induce others to infringe, and/or

1  contributorily infringe the claims of the '877 patent under 35 U.S.C. § 271 without authority to
2  do so.
3      24.    On information and belief, at least some of the eBay Seller Defendants have
4  infringed the '877 patent willfully, deliberately and in conscious disregard of Fountain, Inc.'s
5  rights. By making, offering to sell, selling, and/or importing into the United States the Accused
6  Devices, these eBay Seller Defendants presumptively knew or should have known that
7  Fountain, Inc. had patent rights infringed by the Accused Devices.
8      25.    Fountain, Inc. has suffered damages, including loss of sales and profits, as a
9  result of the eBay Seller Defendants' infringing activities.
10     26.    As a result of the eBay Seller Defendants' infringing activities, Fountain, Inc. has
11 suffered and will continue to suffer irreparable injury, unless the eBay Seller Defendants are
12 permanently enjoined by this Court.

## CLAIM FOR RELIEF AGAINST EBAY

14     27.    Fountain, Inc. incorporates and re-alleges each of the allegations set forth above
15 as though fully set forth herein.
16     28.    eBay has infringed upon the rights of Fountain, Inc.'s '877 patent by offering to
17 sell, selling, and/or aiding and abetting the eBay Seller Defendants in offering to sell and
18 selling the Accused Devices. Each of the Accused Devices falls within the scope of one or
19 more claims of the '877 patent. On information and belief, the Accused Devices have been and
20 are offered for sale and sold to customers who resell and/or use the Accused Devices
21 throughout the United States, including in the State of California, including in this judicial
22 district.
23     29.    eBay's acts in offering to sell, selling, and/or aiding and abetting the eBay Seller
24 Defendants in offering to sell and selling the Accused Devices infringe and/or induce others to
25 infringe the claims of the '877 patent under 35 U.S.C. § 271 without authority to do so.
26     30.    On information and belief, eBay's actions have been willful, deliberate and in
27 conscious disregard of Fountain, Inc.'s rights. By offering to sell, selling, and/or aiding and
28

COMPLAINT FOR PATENT INFRINGEMENT     8

abetting the eBay Seller Defendants in offering to sell and selling the Accused Devices, eBay knew or should have known that Fountain, Inc. had patent rights infringed by the Accused Devices.

31. Fountain, Inc. has suffered damages, including loss of sales and profits, as a result of eBay's infringing activities.

32. As a result of eBay's infringing activities, Fountain, Inc. has suffered and will continue to suffer irreparable injury, unless eBay is permanently enjoined by this Court.

33. This case is exceptional and, therefore, Fountain, Inc. is entitled to an award of its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d).

## DEMAND FOR JUDGMENT

**WHEREFORE,** Fountain, Inc. requests the following relief:

1. A judgment that the Defendants' making, using, offering to sell, selling, importing into the United States, and/or aiding and abetting others to do the foregoing, within the State of California and elsewhere in the United States, the Accused Devices infringes, actively induces others to infringe, and/or contributorily infringes the '877 patent;

2. A judgment permanently enjoining the Defendants' infringing activities pursuant to 35 U.S.C. § 283;

3. A judgment awarding Fountain, Inc. the damages to which it is entitled for the Defendants' willful acts of infringement complained of herein, including an award of damages and trebling of that award pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

4. A judgment declaring that this case is exceptional and awarding Fountain, Inc. its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d); and

5. Such other further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Fountain, Inc. hereby requests a trial by jury of the issues so triable herein.

Respectfully submitted,

DATED: March 18, 2016

/s/Michael J. Sullivan
Michael J. Sullivan
(SBN 264695)
LAW OFFICE OF MICHAEL J. SULLIVAN
111 N. Market St., Suite 300
San Jose, CA 95113
Telephone: (408) 628-8882
Facsimile: (408) 625-1148
E-mail: msullivan@mikesullivanlaw.com

Attorney for Plaintiff
FOUNTAIN, INC.